## Ruhl's Administrator v. Usner et al.

*Interest—Dower charge—Unknown heir—Practice—Acts of May 28, 1907, and June 17, 1917, sect. 27—Rule 23 of Common Pleas Court.*

1. Where, on the death of a widow, the principal sum of a charge by deed on real estate in lieu of dower for her benefit is paid over to an outside party, who distributes it to all the heirs entitled except one, whose residence is then unknown and could not be located, but whose administrator subsequently brings suit for the principal and interest of his decedent's share, such plaintiff is entitled to recover interest on the amount due from the date of the widow's death.

2. The proper method would have been to pay the money into court under the Acts of May 28, 1907, P. L. 284, and June 7, 1917, § 27, P. L. 447, when the land would have been discharged and the money itself deposited at interest in accordance with Rule XXIII of Common Pleas.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Dec. T., 1925, No. 16.

*F. Lyman Windolph,* for rule.

*Daniel B. Strickler* and *John A. Coyle,* contra.

LANDIS, P. J., Dec. 26, 1925. — The plaintiff's statement avers that on March 2, 1899, Samuel Ruhl, late of Warwick Township, died seized in his demesne as of fee in and to a certain tract of land, containing twenty-six acres and five perches, located in said township; that he left a last will and testament, in which he ordered his estate, real, personal and mixed, to be converted into cash by his executor at either public or private sale, and directed that, "after all my estate shall have been reduced to cash, I order and direct the same to be distributed among my heirs in accordance with the law of Pennsylvania relating to intestates." He left surviving him a widow, Sarah Ruhl, and five children and issue of a deceased daughter. Among these was a son named John Ruhl.

In pursuance of the direction contained in said will, his executor, John F. Ruth, sold the above-mentioned real estate to J. G. Usner, and in the said deed the following charge appears: "Subject, nevertheless, to and charged with the payment of the principal sum of $1142.33, the annual legal interest thereof to be paid to Sarah Ruhl, widow of said decedent, on the first day of April of each year during her life, and immediately after her death the principal sum herein charged to be paid to the heirs and legal representatives of said deceased, according to law. . . ."

Sarah Ruhl, the widow, died on Feb. 28, 1916. Thereupon the principal sum charged became due and payable. John Ruhl, the son, died on Sept. 27, 1909, at Great Falls, in the State of Montana. All of the heirs except him

were paid their respective shares, and the amount of that share, namely, $190.39, yet remains unpaid. The above-named defendants, under various titles, are now the owners of the original tract. It is admitted that the principal of said share is due, but the contention arises concerning the interest from the widow's death. The defendants, in the affidavit of defence filed by Joseph A. Usner, allege that the whole amount of the charge was, after the death of the widow, paid into the hands of Samuel M. Ruth, and that because of the absence of John Ruhl and their inability to locate him, his share could not be paid, although kept in readiness for payment to him, and that it was only in October or November, 1924, that the defendant was informed that he had died in a western state and that the plaintiff was his administrator; that the sum of $190.39 was then offered to the administrator, who refused to receive it without interest. The whole question raised is, therefore, whether interest is due on this charge from the date of the widow's death.

By the Act of May 28, 1907, § 1, P. L. 284, it is provided that "whenever moneys shall have been or hereafter shall be charged upon lands in this Commonwealth, and shall be a lien upon the same in and by any indenture or deed, or other writing in the nature of a conveyance of, or agreement respecting, lands, or whenever it shall be claimed that moneys have been so charged, and the time has arrived or the event has happened when payment of the moneys so charged or claimed to have been so charged may be made, and the persons or any of them entitled thereto, or any part thereof, cannot be ascertained or found with certainty, it shall be lawful for the person or persons owning said lands to pay the full amount of said moneys, then payable, into the Court of Common Pleas of the county wherein the lands are situated, whereupon said court shall make a decree discharging the lands from the lien of the moneys so charged. . . ." See, also, Act of June 7, 1917, § 27 (a-1-2), P. L. 447. If, then, the owners of this land, when, as they now say, they were unable to ascertain the residence of John Ruhl, had paid the money into court instead of paying it to Samuel M. Ruth, an outside person, not only would the land have been discharged from the lien, but the money itself would have been deposited at interest in accordance with Rule XXIII, section 1, of the Rules of the Court of Common Pleas, and the present question could not have arisen.

Does, then, under the circumstances, the affidavit of defence set out a good defence to the claim for interest? I do not think it does. In De Haven v. Bartholomew, 57 Pa. 126, the question of interest was not raised, but the verdict was for the amount of the charge with interest; and the same judgment was entered in Shelly v. Shelly, 8 W. & S. 153, and other cases. Why any one deprived of the principal of a charge should be made to forego the interest, I do not see, unless the circumstances are special. In Seitzinger's Estate, 170 Pa. 500, Judge Bland, of the Orphans' Court, delivering the opinion in the court below, which, on appeal, was affirmed, said: "The estate of this decedent having failed to pay the interest on the dower of Margaret A. Jones after April 1, 1864, demand has been made here for interest on the arrears of annual interest from the time the annual payments fell due. . . . The rule of law that where a widow is entitled to annual interest in lieu of dower she shall have interest on arrears of interest from the time the same fell due seems clearly established." See Stewart v. Martin, 2 W. 200; Addams v. Heffernan, 9 W. 529.

I have carefully examined the numerous cases cited in the defendant's brief. It is true that, sometimes, the party holding the money ready for payment has been relieved from paying interest upon it pending the time when it is retained. But none of the cases meet the present proposition. The money

was here paid to Samuel M. Ruth, who apparently retained it for about eight years; whereas, if the fact as to the inability of the owners to ascertain the residence of John Ruhl could have been established, the proper way was to have paid it into court. In this way they could have avoided all risk.

I am of the opinion that the defendants have not set forth a sufficient defence, and, therefore, make the rule absolute, and order judgment to be entered in favor of the plaintiff for the sum of $190.39, with interest from Feb. 28, 1916, making $302.53.

Rule made absolute and judgment for plaintiff.

From George Ross Eshleman, Lancaster, Pa.